IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHAEL EUGENE HALE**                                        **PLAINTIFF**
**#279838**

V.                      NO. 3:24-cv-118-DPM-ERE

**CRAIGHEAD COUNTY**
**DETENTION CENTER,** *et al.*                                **DEFENDANTS**

## ORDER

*Pro se* plaintiff Michael Eugene Hale, formerly an inmate at the Craighead County Detention Center ("Detention Center"), filed this lawsuit under 42 U.S.C. § 1983. *Doc. 1.* An earlier Order explained to Mr. Hale the problems with his original complaint[1] and gave him an opportunity to file an amended complaint clarifying his constitutional claims. *Doc. 10.*

Mr. Hale has now filed an amended complaint. *Doc. 15.* Because Mr. Hale's amended complaint also has problems that will prevent it from surviving screening, this Order gives Mr. Hale one more opportunity to amend his complaint.

---

[1] Mr. Hale's original complaint alleged that, during his incarceration at the Detention Center for five months in 2022: (1) he was improperly detained; (2) he was denied access to the courts; (3) he was improperly housed with inmates who had tested positive for Covid-19; (4) he was denied medical treatment; and (5) an unidentified police officer used excessive force against him during his arrest.

Mr. Hale's amended complaint names 14 individual Defendants, 2 entity Defendants (Turn & Key and the Craighead County Sheriff's Department), and multiple Doe Defendants.[2]

Mr. Hale's amended complaint includes four of the five proposed claims contained in his original complaint.[3] He also adds two new claims, including a First Amendment claim, based on his allegation that in August 2022, unidentified individuals violated his First Amendment rights by failing to accommodate his religious needs and forcing him to attend certain religious services. *Doc. 15 at 9*. However, Mr. Hale fails to: (1) identify any named Defendant who allegedly violated his First Amendment rights; or (2) allege any facts to explain what anyone did or failed to do that violated his First Amendment rights.

---

[2] It is well settled that a corporation, such as Defendant Turn & Key, cannot be held liable for the wrongful conduct of its employees in a § 1983 action. *Burke v. North Dakota Dept. of Corrs. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). A corporation can only be held liable if it had unconstitutional policies or practices that caused Mr. Hale's injuries. *Id.*; *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993).

In addition, Defendant Craighead County Sheriff's Office is not a party that can be sued in a civil rights case under 42 U.S.C. § 1983. See *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit" under § 1983); *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

[3] Mr. Hale appears to have dropped the claim that he was subjected to excessive force by an unidentified police officer during his arrest.

But Mr. Hale adds no new factual allegations to make more plausible his previously alleged contentions that: (1) Defendant Marty Boyd allowed him to be processed into the Detention Center on state court criminal charges that were later dismissed; (2) he was placed in barracks with Covid-19 positive inmates; (3) medical personnel and staff members failed to provide him medical treatment; and (4) unidentified staff denied him access to the courts. Finally, Mr. Hale includes a vague assertion that other inmates violated his "jail rights."

Along with this Order, the Clerk is directed to send Mr. Hale another copy of the Order, *Doc. 10*, explaining to Mr. Hale the problems with his original complaint. Mr. Hale's current amended complaint has the same problems. If he files a second amended complaint, Mr. Hale should attempt to fix those problems.

In its current form, Mr. Hale's amended complaint fails to state a plausible constitutional claim for relief. Accordingly, if formally screened, it would likely be recommended for dismissal. Rather than do that, I will allow Mr. Hale one more, likely final, opportunity to amend his pleading.

Once again, Mr. Hale is reminded that a second amended complaint, if filed, should only include claims that are factually and legally related. The fact that certain events all happened while Mr. Hale was at the Detention Center does not make legal claims arising from those events related. If Mr. Hale continues to include unrelated

claims in his second amended complaint, the Court may select a claim for Mr. Hale to pursue in this action and recommend dismissal of his remaining claims.[4]

Of all Mr. Hale's claims, the one that is most plausible, as alleged, is his First Amendment claim. However, in its current form, it would not survive screening. If Mr. Hale elects to proceed on a First Amendment claim, he must allege more facts. At a minimum, he should allege facts to: (1) identify the individuals who failed to accommodate or burdened his religious beliefs; and (2) describe what each individual did or failed to do that interfered with or prevented him from practicing his religion.[5] See *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").

IT IS THEREFORE ORDERED THAT:

---

[4] Mr. Hale is free to pursue any plausible claims dismissed as unrelated by filing one or more separate lawsuits. But he can't combine unrelated claims in a single lawsuit.

[5] To proceed on his First Amendment claim, Mr. Hale's second amended complaint must allege facts to allow a reasonable fact finder to conclude that the named Defendants "substantially burdened" his ability to practice his religion. *Holt v. Hobbs*, 574 U.S. 352, 361 (2015). In this context, substantial burden means:
> significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008); *Murphy*, 372 F.3d at 988 (quoting *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997)).

1. Mr. Hale may file a second amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Hale fails to file a second amended complaint, the Court will screen the original and amended complaints, which is likely to result in the dismissal of his claims.

3. The Clerk is instructed to provide Mr. Hale a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order and the Order filed on July 29, 2024 (*Doc. 10*).

SO ORDERED 22 August 2024.

_____
UNITED STATES MAGISTRATE JUDGE